**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION**

**No.      4:11-CR-27-2F**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS.<br>TRAVIS BYNUM | **REQUEST FOR DISCOVERY** |

The Defendant, Travis Bynum, hereby requests that the government comply with the following discovery request, made pursuant to the provisions of the Federal Rules of Criminal Procedure, Rule 16, and other authorities cited herein.  This request is made in order to preserve, on the record, the defendant's request for discovery.  **THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT**.  The requirements of Local Rule 43.04, therefore, are not applicable.

A.     *Rule 16, Federal Rules of Criminal Procedure*

1.     *Statements of the Defendant (FRCrP 16(a)(1)(A))*

*Written or Recorded Statements:*  Provide any written or recorded statements made by the defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to you.

*Oral Statements:*     Provide that portion of any written record, including original notes, containing the substance of any relevant oral statements made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent or other law enforcement officer **regardless** of whether the government intends to use the statements at trial.  Also provide the substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer that the

government intends to use in any manner at trial regardless of whether any written record of the statement exists. In the event the government intends to use such an oral statement at trial, I request that it be reduced to writing and produced. This request includes the substance of the defendant's response to *Miranda* warnings.

I request that, in response to this request for defendant's statements, you ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

2.      *Defendant's Criminal Record (FRCrP 16(a)(1)(B))*

Provide a copy of the defendant's criminal record within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to you.

This request includes the defendant's entire criminal record, including all arrests and offenses, regardless of severity. It includes discovery of all matters known to the government, or that may become known with due diligence, that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

3.      *Documents and Tangible Objects (FRCrP 16(a)(1)(C))*

The defendant is entitled to inspect, and/or copy and/or photograph any books, papers, documents, tangible objects, buildings, or places or copies or portions thereof, that are within the possession, custody or control of the government and are material to the preparation of the defense, are intended for use by the government as evidence in-chief at trial, or were obtained from or belong to the defendant regardless of the manner in which such material came into the possession of the government.

This request includes any evidence seized as a result of any search, whether or not such search was made with a warrant. Provide a list of these items.

2

Kindly make said items available to the defendant. Separately identify any materials the government intends to use at trial in-chief.

4. *Reports of Scientific Tests and Other Examinations(FRCrP 16(a)(1)(D))*

Provide all results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody, or control of the government or by the exercise of due diligence may become known to you, material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

In the event the results of any scientific tests were reported orally to you or to any government official or law enforcement officer, I request that you cause a written report of the results to be made and produced. In complying with this request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and, if so, produce the results or reports.

5. *Summaries of Expert Witness Testimony (FRCrP 16(a)(1)(E))*

In the event you intend to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or other law enforcement officer, I request that you prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

B. *Rule 12(d)(2), Federal Rules of Criminal Procedure*

I request notice of all evidence the government intends to use in its case-in-chief discoverable under FRCrP 16 that may be subject to a motion to suppress.

C. *Rule 404(b), Federal Rules of Evidence*

I request notice of any "other offense" evidence you intend to introduce in your case-in-chief pursuant to FRE 404(b). In addition, at the time you identify any "other offense"

evidence you intend to offer in rebuttal, please produce and identify such evidence separately.

D.   *Rule 1006, Federal Rules of Evidence*

In the event you intend to call a summary witness at trial or present evidence in the form of a chart, I request production a reasonable time prior to trial of all of the original documents or tape recordings on which such testimony or chart is based.

E.   *Brady Material*

Pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), I request any exculpatory evidence material to guilt or punishment, including but not limited to documents, statements, agents' reports, and tangible evidence.

Impeachment as well as exculpatory evidence is properly classified as *Brady* material. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976). Should you have a question with regard to whether certain information constitutes *Brady* material, or when it must be produced, I request that you present the information to the court for review *in camera* to resolve these issues.

In the event that you believe that any *Brady* material is also *Jencks Act* material, I request that you present it to the court for *in camera* review and advise me of the general nature of the evidence. However, I request that you produce prior to trial all *Brady* material that is not covered by the *Jencks Act*.

F.   *Jencks Act Material (18 U.S.C. §3500; FRCrP 26.2)*

I request pretrial production of *Jencks Act* material within a reasonable time prior to the day of a witness' direct examination. Pretrial production will avoid unnecessary delays and recesses for defense counsel to properly use any *Jencks* statements and prepare for cross-examination.

G.    *Sentencing Information*

The United States Sentencing Commission encourages prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines.  U.S.S.G. §6B1.2, p.s. comment.  To insure that my client can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, I request that you advise me of any facts and circumstances presently known to the government or reasonable discoverable, that relate to sentencing issues under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, should my client be convicted of any one or more of the charges in the indictment.

More specifically, I request that as soon as possible you provide me with the following information as to this case:

1.    What guidelines does the government contend are applicable?

2.    What aggravated offense characteristics, if any, does the government contend are applicable?

3.    What adjustments, if any, does the government contend are applicable?

4.    Upon what grounds, if any, will the government seek a departure from the guidelines?

5.    What criminal history category does the government contend is applicable?

I am also requesting any information that would bear upon computation of the following sentencing and guideline factors:

1.    Base offense level.

2.    Specific offender characteristics.

3.    Relevant conduct.

4.    Adjustments or criminal history.

5

H.    *Giglio Information*

Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could be used for the impeachment of any government witness.

I.    *Information Regarding Informants and Cooperating Witnesses*

Provide all relevant information concerning the identities of any confidential informants who were actual participants in, and/or eyewitnesses to any alleged criminal activities. This obligation of the government requires, at a minimum, the disclosure of the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. United States*, 353 U.S. 53 (1957).

J.    *Evidence of Bias or Motive to Lie*

The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

K.    *Impeachment Evidence*

The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  *See* FRE 608, 609, and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83.

The defendant also requests that the government disclose any and all evidence relating to prior hypnosis of any prospective government witness.  This information is discoverable under *Brady, supra.,* as exculpatory evidence as well as under *Giglio, supra.,* as impeachment evidence.  *Jean v. Collins*, 107 F.3d 1111, 1116-17 (4th Cir. 1997)("clearly established right" to discovery of prior hypnosis).

L.      *Evidence of Criminal Investigation of Any Government Witness*

The defendant requests any evidence that any prospective witness is under investigation by any federal, state, and/or local authorities for any criminal conduct.  *U.S. v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

M.      *Evidence Affecting Perception, Recollection, Ability to Communicate, and/or Truth Telling*

The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, and/or tell the truth is impaired; and any evidence that a witness has ever used narcotics, and/or other controlled substances, and/or has ever been an alcoholic. *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

N.      *Names of Witnesses Favorable to the Defendant*

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.  *Chavis*, 637 F.2d at 223; *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978).

O.      *Availability of Prospective Government Witnesses*

The defendant requests that the government make a list of any and all its prospective witnesses.  *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 117 S. Ct. 2414 (1997); *see also United States v. Fletcher*, 74 F.3d 49 (4th Cir.), *cert. denied*, 117 S. Ct. 157 (1996).

Defendant also requests that the government make available to counsel for the defendant for an interview any and all prospective government witnesses whom are within the custody of the government.  *United States v. Walton*, 602 F.2d 1176 (4th Cir. 1979).  In complying with this request, the government should provide the names, identifying information such as date of birth, and the location of these witnesses.

7

P.    *Arrest Reports, Notes and Dispatch Tapes*

The defendant also specifically requests that the government provide copies of all arrest reports, notes, and dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest and/or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements

Q.    *Interviewed Witnesses*

The defendant requests that the government provide copies of all statements of witnesses interviewed by investigating officers of any law enforcement or investigative agency collected or otherwise garnered during the investigation of the charges against the defendant, to include the identification of the witnesses' names and addresses. Defendant requests this information regardless of the government's intent to use the statements at trial.

R.    *Government Examination of Law Enforcement Files*

The defendant requests that the United States Attorney's Office examine the files of any and all law enforcement agencies involved in the investigation of this case. After that review, provide the defense with copies of any and all exculpatory information contained in those files. ***Kyles v. Whitley,*** 514 U.S. ___, 131 L.Ed.2d. 490 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Id.* At 508). *See also Barbee v. Warden, Maryland Penitentiary,* 331 F.2d 842 (4th Cir. 1964) (police knew of evidence).

S.    *Continuing Request*

This discovery request is a continuing one. The government must promptly notify counsel for the defendant of the existence of additional evidence or material that is discovered prior to and/or during trial that is subject to discovery and/or inspection under any provision of law.

This the 29th day of March, 2011.

/s/ Sue Berry

_____

Sue Genrich Berry
Attorney for Travis Bynum
Post Office Box 2693
Wilmington, NC 28402
910.763.3770
State Bar No. 16308

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this document has been served upon counsel

for all parties in this case by CM/ECF notification.

This the 29th day of March, 2011.

/s/ Sue Berry

_____

Sue Genrich Berry
Attorney for Travis Bynum
Post Office Box 2693
Wilmington, NC 28402
(910) 763-3770
State Bar Number 16308

Dennis Duffy
Assistant United States Attorney
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461